KAWASHIMA LAW GROUP LLLC

JARED N. KAWASHIMA     6289
CHRISTIN D. WEHRSIG    10038
1000 Bishop Street, Suite 908
Honolulu, Hawaii  96813
Telephone: (808) 524-0030
Facsimile: (808) 369-8396
E-mail: jared@klghawaii.com

Attorneys for Plaintiffs
HAWAII ELECTRICIANS TRUST FUNDS

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| HAWAII ELECTRICIANS ANNUITY FUND, by its Trustees, Ronald Yee, Robert Hanamoto, Jody Hanamoto, Tracy Hayashi, Damien T. K. Kim, Peter Akamu; HAWAII ELECTRICIANS HEALTH AND WELFARE FUND, by its Trustees, Ronald Yee, Jody Hanamoto, Rodney Chun, Tracy Hayashi, Peter Akamu, Damien T. K. Kim; HAWAII ELECTRICIANS PENSION FUND, by its Trustees, Ronald Yee, James Yamada, Jr., Jody Hanamoto, Tracy Hayashi, Peter Akamu, Damien T. K. Kim; HAWAII ELECTRICIANS TRAINING FUND, by its Trustees, Daryl Suehiro, Stephen Duarte, Phillip Lucero, Peter Akamu, Damien T. K. Kim, Tracy Hayashi; HAWAII ELECTRICIANS SUPPLEMENTARY UNEMPLOYMENT BENEFITS FUND, by its Trustees, Robert | CIVIL NO. _____<br><br>COMPLAINT; SUMMONS<br><br><br><br><br><br><br><br><br><br>(Caption continued on next page) |

| | |
|---|---|
| Hanamoto, Jody Hanamoto, Steven Watanabe, Peter Akamu, Damien T. K. Kim, Dennis Kaloi; HAWAII ELECTRICIANS VACATION AND HOLIDAY FUND, by its Trustees, Robert Hanamoto, Jody Hanamoto, Steve Watanabe, Damien T. K. Kim, Peter Akamu, Tracy Hayashi; HAWAII ELECTRICIANS PREPAID LEGAL FUND, by its Trustees, Jody Hanamoto, Steven Tanaka, Rodney Chun, Tracy Hayashi, Dennis Kaloi, Damien T. K. Kim; HAWAII ELECTRICIANS MARKET ENHANCEMENT PROGRAM FUND, by its Trustees, Daryl Suehiro, Stephen Duarte, Robert Hanamoto, Damien T. K. Kim, Robert Aquino, Brian Lee; | ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) |
| Plaintiffs, | ) ) |
| vs. | ) ) |
| RAINIER ELECTRIC CORPORATION, a Hawaii corporation; SOKAM D. KIM, individually; JOHN DOES 1-10; JANE DOES 1-10; DOE CORPORATIONS 1-10; DOE PARTNERSHIPS 1-10; DOE GOVERNMENTAL AGENCIES 1-10, DOE TRUSTS 1-10, | ) ) ) ) ) ) ) ) ) ) |
| Defendants. | ) ) |
| _____ | ) |

## COMPLAINT

COME NOW Plaintiffs above named by and through their attorneys Kawashima Law Group LLLC, and for Complaint against Defendants above named, allege and aver as follows:

1. Plaintiffs are the Trustees of the Hawaii Electricians trust funds, which include the Health and Welfare, Training, Pension, Annuity, Vacation & Holiday, Prepaid Legal, Supplementary Unemployment Benefits Fund (Sub Fund), and Market Enhancement Program (hereinafter collectively referred to as "Trust Funds").  Plaintiffs are fiduciaries with respect to the Trust Funds within the meaning of section 3(21)(A) of ERISA, 29 U.S.C. § 1002(21)(A).

2. Specifically, the Annuity fund is a money purchase pension plan and the Pension fund is a defined benefit pension plan as defined in section 3(2) of ERISA, 29 U.S.C. § 1002(2), and the Health and Welfare, Training, Prepaid Legal, Sub Fund, and Vacation & Holiday funds are employee welfare benefit plans as defined in section 3(1) of ERISA, 29 U.S.C. § 1002(1).  The Trust Funds are multiemployer plans as defined in section 3(37)(A) of ERISA, 29 U.S.C. § 1002(37)(A).

3. The Trust Funds are jointly trusteed labor-management trust funds created and maintained pursuant to section 302(c)(5) of the LMRA, 29 U.S.C. § 186(c)(5).

4. This action arises under the Labor-Management Relations Act, 1947, as amended, the Employee Retirement Income Security Act of 1974, and the Multiemployer Pension Plan Amendments Act of 1980, as hereinafter more fully appears. Jurisdiction is founded on questions arising thereunder and more specifically under 29 U.S.C. §§ 1145 and 1132(a) and (f). Jurisdiction is proper pursuant to section 502(e)(1) of ERISA, 29 U.S.C. § 1132(e)(1), and pursuant to section 301(a) of the LMRA, 29 U.S.C. § 185(a). Venue is proper pursuant to section 502(e)(2) of ERISA, 29 U.S.C. § 1132(e)(2), and section 301(a) of the LMRA, 29 U.S.C. § 185(a).

5. At all times relevant herein, each of the above-named Trust Funds was, and now is, an employee benefit plan organized and existing under the laws of the United States and whose principal offices are in the City and County of Honolulu, State of Hawaii. At all times herein mentioned, each of the above-named Trust Funds was, and now is, an express trust created by a written trust agreement subject to and pursuant to the Labor-Management Relations Act and a multiple employer benefit plan within the meaning of Sections 3 and 4 of the Employee Retirement Income Security Act (29 U.S.C. §§ 1002 and 1003).

6. At all times relevant herein, upon information and belief, SOKAM D. KIM ("Defendant Kim" or "Individual Defendant"), was a resident of the Island of Oahu, State of Hawaii.

7. Upon information and belief, at all times relevant herein Individual Defendant was an officer of RAINIER ELECTRIC CORPORATION ("Rainier Electric").

8. At all times relevant herein, Defendant Rainier Electric was a Hawaii corporation doing business on the Island of Oahu, in the City and County of Honolulu, State of Hawaii. At all material times Rainier Electric was an employer within the meaning of section 3(5) of ERISA, 29 U.S.C. § 1002(5), and within the meaning of section 501(3) of the Labor Management Relations Act ("LMRA"), 29 U.S.C. § 142(3), and was engaged in an industry affecting commerce within the meaning of section 3(11) and (12) of ERISA, 29 U.S.C. § 1002(11) and (12), and within the meaning of section 501(1) of the LMRA, 29 U.S.C. § 142(1).

9. Defendants John Does 1-10, Jane Does 1-10, Doe Partnerships 1-10, Doe Corporations 1-10, Doe Governmental Agencies 1-10, and Doe Trusts 1-10 are sued herein under fictitious names for the reason that their true names and identities are presently unknown to Trust Funds except that they are connected in some manner with the named Defendants and/or were the agents, servants, employees, employers, representative, co-venturers, associates of the named Defendants and/or were in some manner presently unknown to the Trust Funds engaged in the activities alleged herein and/or were in some manner responsible for the injuries or damages to the Trust Funds. Trust Funds have made a diligent

effort to ascertain the true names, identities, capacities, activities and/or responsibilities of said unidentified Defendants but have been unable to do so to date.  Trust Funds have made a diligent and good-faith effort to ascertain the full name, identity, and interest in this action of Defendants John Does 1-10, Jane Does 1-10, Doe Partnerships 1-10, Doe Corporations 1-10, Doe Governmental Agencies 1-10, and Doe Trusts 1-10 including, but not limited to, investigative efforts to locate witnesses and other persons who may have knowledge of, or contributed to causing the injuries or damages to the Trust Funds, and to identify their roles with respect to same.

10. In or around August 2005, Local Union No. 1186 of the International Brotherhood of Electrical Workers (IBEW), AFL-CIO ("Union") and the Electrical Contractors Association of Hawaii ("ECAH") executed two collective bargaining agreements referred to herein as the Inside Agreement and Outside Agreement (collectively, the "Bargaining Agreements").

11. The Bargaining Agreements took effect on August 15, 2005 at 12:01 a.m. and remained in effect until midnight August 28, 2010.

12. The Bargaining Agreements incorporate by reference trust agreements for Trust Funds.

13. Trust Funds are third party beneficiaries of the Bargaining Agreements.

14.     On or about July 25, 2011, Rainier Electric agreed to abide by all terms and conditions of the Bargaining Agreements via a Memorandum of Agreement.

15.     On or around July 26, 2011, the Union and Rainier Electric executed a Memorandum of Understanding wherein the parties agreed to various amendments of the 2005-2010 Inside Agreement, including but not limited to the extension of the 2005-2010 Inside Agreements' duration to instead expire on August 21, 2011 at midnight.

16.     On February 16, 2012, the Union and ECAH renewed the bargaining agreements, effective August 21, 2011 at 12:01 a.m. and shall remain in effect until midnight August 20, 2016.

17.     Rainier Electric did not subsequently renew its Memorandum of Agreement for the Bargaining Agreements; however, Rainier Electric continued to submit reports and contributions in usual course of dealings as required by the Bargaining Agreements.

18.     Rainier Electric is bound by the terms of the Bargaining Agreements and trust agreements because its past practices and representations manifested a clear intent to be bound.

## COUNT I (Rainier Electric – Contributions and Damages)

19. Rainier Electric agreed to be bound by all the terms of the Bargaining Agreements and various trust agreements and is specifically required to do the following:

    (a) To submit for each month a report stating the names, social security numbers, and number of hours worked in such month by each and every person on whose behalf contributions are required to be made by Defendant to Plaintiffs, or if no such persons are employed, to submit a report so stating, no later than the end of the first week of the succeeding month ("Due Date");

    (b) To accompany the above reports with payment of contributions based upon an hourly rate as stated in the applicable collective bargaining agreement or agreements;

    (c) To make all of its payroll books and records available to Plaintiffs for the purpose of auditing them to verify the accuracy of Defendant's past reporting upon request made by Plaintiffs;

    (d) To compensate Plaintiffs for the additional administrative costs and burdens imposed by delinquency or untimely payment of contributions by way of the payment of liquidated damages in the amount of 10% of any and all contributions which are not received by Plaintiffs for a particular month within five days of the Due Date;

    (e) To pay any and all costs incurred by Plaintiffs in auditing Defendant's payroll records should it be determined that Defendant was delinquent in the reporting or submission of all contributions required to be made by it to Plaintiffs;

    (f) To pay Plaintiffs' reasonable attorneys' fees and costs necessarily incurred in the prosecution of any action to require Defendant to submit its payroll books and records for audit or to

recover delinquent contributions in the sum of 25% of the total amount of contributions and damages due.

20. By agreeing to abide by such Bargaining Agreements, Rainier Electric promised to pay to the Trust Funds certain amounts for employee benefits, for work and labor performed by Rainier Electric's covered employees, which amounts would be paid to the Trust Funds on or before the due dates as specified in said Bargaining Agreements.

21. By said Bargaining Agreements, Rainier Electric agreed to be subject to and bound by all terms and conditions of the various trust agreements, and further promised that in the event any monthly contributions were not paid when due, Rainier Electric would pay to each trust fund liquidated damages in the amount of ten percent (10%) of such delinquent and unpaid contributions due to each respective fund or twenty dollars ($20.00), whichever is greater, for each and every delinquent monthly contribution as provided by said Bargaining Agreements, as amended, for each delinquency as and for liquidated damages and not as a penalty.

22. Rainier Electric's obligations to Trust Funds, pursuant to said Bargaining Agreements and trust agreements, to make contributions, are continuing obligations and Rainier Electric may accrue and owe additional amounts plus liquidated damages and/or interest up to the time of trial or proof.

23. At all times herein mentioned it was, and now is, impracticable and extremely difficult to fix the amount of actual damages to Trust Funds as a result of the non-payment of said contributions. The amounts agreed upon herein, as hereinbefore alleged, as and for liquidated damages, represented and now represent a reasonable endeavor to ascertain and compensate for the damages caused the Trust Funds by the non-payment of said contributions.

24. By said Bargaining Agreements, Rainier Electric further promised that if it became necessary for Trust Funds to take legal action to enforce payment of contributions and/or liquidated damages from Rainier Electric, Rainier Electric would pay all court and collection costs and reasonable attorney's fees of 25% from the total amount of contributions and damages due from Rainier Electric.

25. Sections 502 and 515 of ERISA, 29 U.S.C. §§ 1132 and 1145, as amended by the Multiemployer Pension Plan Amendments Act ("MPPAA") govern the enforcement of employer contributions to employee pension and welfare trust funds. ERISA Section 515 (29 U.S.C. § 1145) provides:

> Every employer who is obligated to make contributions to a multiemployer plan under the terms of the plan or under the terms of a collectively bargained agreement shall, to the extent not inconsistent with law, make such contributions in accordance with the terms and conditions of such plan or such agreement.

26. Section 515 is reinforced by the remedial provisions of ERISA section 502(g):

>    (2) In any action under this subchapter by a fiduciary for or on behalf of a plan to enforce section 1145 of this title in which a judgment in favor of the plan is awarded, the court shall award the plan —
>
>      (A) the unpaid contributions,
>
>      (B) interest on the unpaid contributions,
>
>      (C) an amount equal to the greater of
>
>         (i) interest on the unpaid contributions, or
>         (ii) liquidated damages provided for under the plan in an amount not in excess of 20 percent (or such higher percentage as may be permitted under Federal or State law) of the amount determined by the court under subparagraph (A),
>
>      (D) reasonable attorney's fees and costs of the action, to be paid by the defendant, and
>
>      (E) such other legal or equitable relief as the court deems appropriate.  For purposes of this paragraph, interest on unpaid contributions shall be determined by using the rate provided under the plan, or, if none, the rate prescribed under section 6621 of Title 26.

27. Rainier Electric's failure to transmit contributions in a timely fashion to Trust Funds for hours worked by its employees caused damage to Trust Funds in an amount to be proven at trial.

## COUNT II (Individual Defendant – Alter Ego)

28. Trust Funds repeat, reallege and incorporate by reference each and every allegation set forth above.  Upon information and belief, at all relevant times,

Individual Defendant was in a position to exert influence over the financial and business affairs of Rainier Electric.

29.   Upon information and belief, at all relevant times, Rainier Electric was the alter ego and/or the mere instrumentality of Individual Defendant based on all or some of the following relevant factors:

a) Undercapitalization
b) Failure to observe corporate formalities
c) Absence of corporate records
d) Insolvency of corporation at time of transaction
e) Siphoning off of funds by the dominant shareholder(s)
f) Shareholders guarantying corporate liabilities in their individual capacities
g) Nonfunctioning officers or directors
h) Lack of officers or directors
i) Failure to issue stock
j) Absence of consideration for stock
k) Corporation is a facade of the operation of the dominant shareholder(s)
l) Corporation's inability to meet payroll and other obligations
m) Commingling of funds or assets
n) Stripping the corporation of assets in anticipation of litigation
o) Use of the corporate shell to advance purely personal ends
p) Treatment of corporate assets as personal assets
q) Cash advances to shareholders/officers/directors
r) Advances to corporation by shareholders

    s) Undocumented loans

    t) Use of individual rather than corporate checks and

    u) Fraud and misrepresentation with respect to Trust Fund plan assets of which Individual Defendant was a fiduciary for his employees covered by the Bargaining Agreement and trust agreements.

30. Individual Defendant should be held liable for all the judgments entered in favor of Trust Funds and/or delinquent contributions and sums owed pursuant to the Bargaining Agreement and related trust fund documents as a matter of equity and fairness to Trust Funds based on all or some of the following relevant factors:

    a) Nonpayment of trust fund obligations by Rainier Electric;

    b) Violation of statute or public policy;

    c) Misrepresentations by Rainier Electric and/or shareholders/officers/directors; and/or

    d) The acting principals of Rainier Electric, were responsible for and ratified administrative decisions exercised on behalf of Rainier Electric, were vested with the authority to exercise discretionary control over the management of the financial responsibilities and business affairs of Rainier Electric, and exercised discretionary control over the management of the financial responsibilities and business affairs of Rainier Electric including, but not limited to, authorizing and tendering the payment of contributions and withholdings due to the funds pursuant to the Bargaining Agreement and trust fund agreements; and/or

    e) The acting principals of Rainier Electric intentionally misrepresented to Trust Funds the amount of hours worked by its employees by failing to report and/or transmit contributions in a timely fashion to Trust Funds.

31. Trust Funds are informed and believe and thereon alleges that as a result of the failure of Individual Defendant to operate Rainier Electric in the manner required by law, trust fund assets have been improperly diverted from Trust Funds to Rainier Electric and/or Individual Defendant.  To the extent it is determined that Rainier Electric is the alter ego of Individual Defendant, Individual Defendant should be held individually liable for any judgment entered against Rainier Electric.

COUNT III (Individual Defendant – Breach of Fiduciary Duty)

32. Trust Funds repeat, reallege and incorporate by reference each and every allegation set forth above.

33. Individual Defendant should be held personally liable for any judgment entered in favor of Trust Funds and/or delinquent contributions and sums owed pursuant to the Bargaining Agreement and related trust fund document as it related to Rainier Electric, due to breach of his fiduciary duties as set forth in the various trust agreements and the Employee Retirement Security Act of 1974 ("ERISA").

34. Individual Defendant is a fiduciary under ERISA because he exercised authority or control respecting management or disposition of plan assets.

35. The trust fund contributions were and are plan assets at all relevant times as the payment of contributions due from Rainier Electric to the Trust Funds

accrued and was considered as being held in trust by Rainier Electric for the benefit of the Trust Funds to whom such contributions are due and payable. *See* 29 Code of Federal Regulations §2510.3-102.

36. ERISA required Individual Defendant, as fiduciary, to "discharge his duties with respect to a plan solely in the interests of the participants and beneficiaries…for the exclusive purpose of…providing benefits to the participants and their beneficiaries…." 29 U.S.C. §1104(a)(1)(A)(I).

37. ERISA imposes personal liability upon Individual Defendant by providing that "any person who is a fiduciary…who breaches any of the responsibilities, obligations, or duties imposed upon fiduciaries shall be personally liable to make good to such plan any losses to the plan resulting from each such breach…." 29 U.S.C. §1109(a).

38. Individual Defendant breached his fiduciary duties by intentionally failing to report and/or pay the required contributions to Trust Funds and failing to discharge their duties as set forth by ERISA and 29 U.S.C. §1104(a).

39. Trust Funds have been damaged as a result of Individual Defendant's action in an amount to be proven at trial.

<u>COUNT IV (Rainier Electric and Individual Defendant – Constructive Trust)</u>

40. Trust Funds repeat, reallege and incorporate by reference each and every allegation set forth above.

41. As a result of Rainier Electric's and/or Individual Defendant's breach of fiduciary duties of care and loyalty to the participants and beneficiaries of Trust Funds as alleged herein, plan assets have been improperly diverted from Trust Funds to Rainier Electric and/or Individual Defendant.

42. A constructive trust should be imposed upon the assets of Rainier Electric and/or Individual Defendant to be held for the benefit of those participants employed by Rainier Electric and their beneficiaries under the Trust Funds.

WHEREFORE, Trust Funds pray as follows:

(1) For judgment against Rainier Electric and Individual Defendant for outstanding trust fund contributions and liquidated damages, in an amount to be proven at trial, together with additional damages as may be shown at trial, accrued interest through the date of judgment, attorneys fees and costs;

(2) For imposition of a constructive trust on the assets of Rainier Electric and/or Individual Defendant; and

(3) Such other relief as the Court deems just and equitable.

DATED: Honolulu, Hawaii, May 1, 2015.

                                  /s/ Christin D. Wehrsig
                                  JARED N. KAWASHIMA
                                  CHRISTIN D. WEHRSIG
                                  Attorneys for Plaintiffs