YEE & KAWASHIMA, LLLP

JARED N. KAWASHIMA          6289
CHRISTIN D. WEHRSIG         10038
1000 Bishop Street, Suite 908
Honolulu, Hawaii  96813
Telephone:  (808) 524-4501
Facsimile:  (888) 524-0407
E-mail: jared@yklawhawaii.com
          christin@yklawhawaii.com

Attorneys for Plaintiffs
HAWAII ELECTRICIANS TRUST FUNDS

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| HAWAII ELECTRICIANS ANNUITY FUND, by its Trustees, Ronald Yee, Robert Hanamoto, Jody Hanamoto, Tracy Hayashi, Damien T. K. Kim, Peter Akamu; HAWAII ELECTRICIANS HEALTH AND WELFARE FUND, by its Trustees, Ronald Yee, Jody Hanamoto, Rodney Chun, Tracy Hayashi, Peter Akamu, Damien T. K. Kim; HAWAII ELECTRICIANS PENSION FUND, by its Trustees, Ronald Yee, James Yamada, Jr., Jody Hanamoto, Tracy Hayashi, Peter Akamu, Damien T. K. Kim; HAWAII ELECTRICIANS TRAINING FUND, by its Trustees, Daryl Suehiro, Stephen Duarte, Phillip Lucero, Peter Akamu, Damien T. K. Kim, Tracy Hayashi; HAWAII ELECTRICIANS SUPPLEMENTARY UNEMPLOYMENT BENEFITS | CIVIL NO. 15-00158 SOM-KSC<br><br>MAGISTRATE JUDGE'S FINDINGS AND RECOMMENDATION TO GRANT PLAINTIFFS' MOTION FOR DEFAULT JUDGMENT AGAINST DEFENDANTS RAINIER ELECTRIC CORPORATION AND SOKAM D. KIM<br><br>Hearing:<br>Date: Thursday, August 27, 2015<br>Time: 9:30 a.m.<br>Judge: Honorable Kevin S. C. Chang<br><br>(Caption continued on next page) |

| | |
|---|---|
| FUND, by its Trustees, Robert Hanamoto, Jody Hanamoto, Steven Watanabe, Peter Akamu, Damien T. K. Kim, Dennis Kaloi; HAWAII ELECTRICIANS VACATION AND HOLIDAY FUND, by its Trustees, Robert Hanamoto, Jody Hanamoto, Steve Watanabe, Damien T. K. Kim, Peter Akamu, Tracy Hayashi; HAWAII ELECTRICIANS PREPAID LEGAL FUND, by its Trustees, Jody Hanamoto, Steven Tanaka, Rodney Chun, Tracy Hayashi, Dennis Kaloi, Damien T. K. Kim; HAWAII ELECTRICIANS MARKET ENHANCEMENT PROGRAM FUND, by its Trustees, Daryl Suehiro, Stephen Duarte, Robert Hanamoto, Damien T. K. Kim, Robert Aquino, Brian Lee; <br><br>          Plaintiffs, <br><br>  vs. <br><br>RAINIER ELECTRIC CORPORATION, a Hawaii corporation; SOKAM D. KIM, individually; JOHN DOES 1-10; JANE DOES 1-10; DOE CORPORATIONS 1-10; DOE PARTNERSHIPS 1-10; DOE GOVERNMENTAL AGENCIES 1-10, DOE TRUSTS 1-10, <br><br>          Defendants. <br>_____ | ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) |

FINDINGS AND RECOMMENDATIONS TO GRANT
PLAINTIFFS' MOTION FOR DEFAULT JUDGMENT AGAINST
DEFENDANTS RAINIER ELECTRIC CORPORATION AND SOKAM D. KIM

Before the Court is Plaintiff's TRUSTEES of the Hawaii Electricians Trust Funds, which include the Annuity Fund, Health and Welfare Fund, Pension Fund, Training Fund, Supplemental Unemployment Benefits Fund, Vacation and Holiday Fund, Prepaid Legal Fund, Market Enhancement Program Fund (hereinafter collectively referred to as "Plaintiffs") Motion for Entry of Default Judgment Against Defendants Rainier Electric Corporation and Sokam D. Kim. (Doc. 10.) Plaintiffs request that default judgment be entered pursuant to Rule 55(b)(2) of the Federal Rules of Civil Procedure for delinquent contributions owed to the Trust Funds, liquidated damages, and attorneys' fees and costs. (Doc. 10 at 7-9.)

This matter came on for hearing on August 27, 2015.  (Doc. 15.)  Appearing on behalf of Plaintiffs Hawaii Electricians Trust Funds was Christin D. Wehrsig. Defendants Rainier Electric Corporation and Sokam D. Kim did not make an appearance or otherwise defend against Plaintiff's Motion.  The court, having taken judicial notice of Defendants' default, and after careful consideration of the Motion, declarations, exhibits, and the record herein, finds and recommends that the Motion be GRANTED.  As discussed more thoroughly below, this court recommends that judgment be in favor of Plaintiff in the amount of $43,346.09.

## BACKGROUND

On May 1, 2015, Plaintiffs filed a Complaint seeking judgment for outstanding trust fund contributions and damages against Defendants alleging that Defendant Rainier Electric Corporation ("Defendant Rainier Electric") materially breached the collective bargaining agreements referred to as the Inside Agreement and Outside Agreement and various Trust Agreements created thereunder (collectively, the "Bargaining Agreements").  Plaintiffs claimed that Defendant Rainier Electric failed to submit monthly contribution reports and full payments due on said reports pursuant to the terms of the Agreements, all notwithstanding demand by Plaintiffs.

Plaintiffs allege Defendant Sokam D. Kim ("Defendant Kim") should be held liable for all judgments entered against Defendant Rainier Electric because he was a member or officer of Defendant Rainier Electric and the alter ego and/or mere instrumentality of Defendant Rainier Electric.  Additionally, Plaintiffs assert a claim for breach of fiduciary duty against Defendant Kim, alleging that he is a fiduciary under ERISA because he exercised authority or control respecting management or disposition of plan assets.  Plaintiffs allege that Defendant Kim breached his fiduciary duties by intentionally failing to report and/or pay the required contributions.  Plaintiffs ask for a monetary award against Defendants and the imposition of a constructive trust on the assets of Defendants.

The action arises under the Labor-Management Relations Act, 1947, as amended, the Employee Retirement Income Security Act of 1974, and the Multiemployer Pension Plan Amendments Act of 1980.  Jurisdiction is founded on questions arising thereunder and more specifically under 29 U.S.C. §§ 1145 and 1132(a) and (f).

Service of process of the Complaint was made on Defendant Rainier Electric on May 7, 2015 as evidenced by the Proof of Service filed herein on May 8, 2015.

Service of process of the Complaint was made on Defendant Kim on May 7, 2015 as evidenced by the Proof of Service filed herein on May 8, 2015.

By Plaintiff's Request for Entry of Default filed on June 17, 2015 for Defendants' failure to answer or otherwise defend on the Complaint, the Clerk entered default on June 18, 2015.

On July 10, 2015, Plaintiffs filed a Motion for Entry of Default Judgment ("Motion") seeking an award of the sum of $43,508.39, representing contribution amounts of $36,092.15, liquidated damages of $5,563.96, and attorneys' fees and costs of $1,852.28.

Plaintiffs' Motion for Entry of Default Judgment was accompanied by the Declaration of Travis Umemoto in support of the damages sought by Plaintiffs. The Declaration of Christin D. Wehrsig also accompanied the Motion for Entry of Default Judgment in support of attorneys' fees and costs.

The Motion was heard on August 27, 2015 with an appearance by Christin D. Wehrsig on behalf of Plaintiffs, and no other party making an appearance.

## **DISCUSSION**

Having reviewed the Motion, the declarations, exhibits, and the record established in this action, the Court finds and concludes as follows:

1. On or about July 25, 2011, Rainier Electric entered into the Bargaining Agreements with the Trust Funds;

2. Each of the Trust Funds was and is an express trust created by a written trust agreement subject and pursuant to 29 U.S.C. § 186 and a multiemployer plan within the meaning of 29 U.S.C. § 1002 and 1003. The Trust Funds are a third party beneficiary of the Bargaining Agreements as employee benefit plans for employees of Defendant Rainier Electric who are covered by the Bargaining Agreements.

3. Under the Bargaining Agreements, Defendant Rainier Electric must contribute to the Trust Funds on the first working day of each succeeding month sums of money to be held in trust by Plaintiffs as employee benefits for Rainier Electric employees. Those contributions are calculated by multiplying the hours worked the previous month by Rainier Electric employees by the applicable contribution rates specified in the Bargaining Agreements.

4. Under the Bargaining Agreements, Defendant Rainier Electric promised that if any contributions were past due, Rainier Electric would pay liquidated damages in the amount of 10% of the delinquent contributions due to each respective fund or $20.00, whichever is greater, for each and every month that such contributions are delinquent.

5. Also under the Bargaining Agreements, Defendant Rainier Electric also promised that if the Trust Funds brought legal action to enforce the Bargaining Agreements against Rainier Electric, Rainier Electric would pay for all court costs and reasonable attorneys' fees of 25% of the total amount of contributions and damages due.

6. Defendant Rainier Electric breached the Bargaining Agreement and is liable to the Plaintiffs by its continuous failure to perform the terms of the Agreements, including: 1) failure to pay the full amounts found by the Plaintiffs for the period of August 2011 through August 2014; 2) failure to pay the Plaintiffs additional liquidated damages on late paid report contributions; and 3) failure to pay the Plaintiffs their reasonable attorneys' fees and costs incurred in enforcing the terms of the Bargaining Agreements.

7. Defendant Kim was the alter ego and/or mere instrumentality of Defendant Rainier Electric, and as such, Defendant Kim is liable for all judgments entered into against Defendant Rainier Electric.

8. Defendant Kim is a fiduciary under ERISA because he exercised authority or control respecting management or disposition of plan assets.

9. Defendant Kim breached his fiduciary duty by intentionally failing to report and/or pay the required contributions, and as such, Defendant Kim is liable for all judgments entered into against Defendant Rainier Electric.

10. Defendants have not sought to set aside the default in this action.

11. The Court finds the following hourly rates to be reasonable:  1) partners (Jared N. Kawashima) $250.00;  2) associates (Christin D. Wehrsig) $160.00.; and 3) paralegals $85.00.

12. The Court finds that $1,117.28 for Plaintiffs' attorneys' fees and tax performing work on this matter are reasonable.

13. The Court finds that the total costs in the amount of $572.70 are reasonable.

14. The Court finds that the liquidated damages sought by the Plaintiffs of $5,563.96 are reasonable.

15. Thus, there is known to be due, owing and unpaid to the Plaintiffs from Defendants:

1. Contributions
   (January 2012 through March 2012)…………..        $36,092.15
2. Liquidated Damages……………………………        $ 5,563.96
3. Legal Fees …………………………………………$ 1,117.28
4. Costs …………………………………………        $   572.70
                    TOTAL …………..        $43,346.09

## **RECOMMENDATION**

IT IS HEREBY RECOMMENDED that Default Judgment be granted in favor of TRUSTEES of the HAWAII ELECTRICIANS ANNUITY FUND; HEALTH AND WELFARE FUND; PENSION FUND; TRAINING FUND; SUPPLEMENTARY UNEMPLOYMENT BENEFITS FUND; VACATION AND HOLIDAY FUND; PREPAID LEGAL FUND; MARKET ENHANCEMENT PROGRAM FUND for a money judgment including contribution amounts, attorneys' fees, and costs, against Defendants Rainier Electric Corporation and Sokam D. Kim in the amount of $43,346.09.

IT IS FOUND AND SO RECOMMENDED.

DATED: Honolulu, Hawaii, September 14, 2015.



_____
Kevin S.C. Chang
United States Magistrate Judge

---

HAWAII ELECTRICIANS ANNUITY FUND, by its Trustees, Ronald Yee, Robert Hanamoto, Jody Hanamoto, Tracy Hayashi, Damien T. K. Kim, Peter Akamu, et al. v. Rainier Electric Corporation, a Hawaii corporation, et al., United States District Court, District of Hawaii, Civ. No. 15-00158 SOM-KSC; *MAGISTRATE JUDGE'S FINDINGS AND RECOMMENDATION TO GRANT PLAINTIFFS' MOTION FOR DEFAULT JUDGMENT AGAINST DEFENDANTS RAINIER ELECTRIC CORPORATION AND SOKAM D. KIM*